UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DELLA GORDEN,

        Plaintiff,

v.                                    Case No: 2:13-cv-369-FtM-38CM

CAROLYN W. COLVIN,
Commissioner of Social Security,

        Defendant.
_____/

### **ORDER**[1]

This matter is before the Court on consideration of Plaintiff Della Gorden's Unopposed Application for Attorney Fees Under the Equal Access to Justice Act (Doc. #29) filed on October 14, 2014. Defendant Carolyn W. Colvin, Commissioner of Social Security, does not oppose Plaintiff's Application or the requested relief. (Doc. #29 at 2). Accordingly, this matter is ripe for review.

Plaintiff commenced this action on May 16, 2013, seeking judicial review of Defendant's final decision denying her claim for benefits under the Social Security Act. (Doc. #1). The Court ruled in Plaintiff's favor (Doc. #27), and on August 21, 2014, judgment was entered reversing and remanding the case to the Commissioner under sentence four of 42 U.S.C. § 405(g). (Doc. #28). On October 14, 2014, Plaintiff filed an

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

application for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), seeking an award of $3,478.74.  (Doc. #29).

For a plaintiff to receive an award of attorney fees under the EAJA, the following five requirements must be met: (1) the plaintiff is a prevailing party in a non-tort suit involving the United States; (2) the Government's position in the litigation was not substantially justified; (3) the plaintiff filed a timely application for attorney fees; (4) the plaintiff had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances that would make the award of fees unjust.  See 28 U.S.C. § 2412(d); see also Jipson v. Comm'r of Soc. Sec., No. 2:13-cv-450, 2014 WL 2951824, at *2 (M.D. Fla. July 1, 2014) (citations omitted).  Here, the parties do not contest that Plaintiff met the requirements under the EAJA, and the Court determines that Plaintiff is eligible for an award of attorney fees.

Next, the Court must next determine whether the amount of attorney fees that Plaintiff requests is reasonable.  See 28 U.S.C. § 2412(d)(2)(A) (permitting an award of "reasonable attorney fees").  EAJA fees are determined under the "lodestar" method of multiplying the number of hours reasonably expended on the matter by a reasonable hourly rate.  See Jean v. Nelson, 863 F.2d 759, 773 (11th Cir. 1988).  The resulting fee carries a strong presumption that it is the reasonable fee.  See City of Burlington v. Daque, 505 U.S. 557, 562 (1992).  The amount of EAJA fees is wholly dependent on the facts of the case.  Hensley v. Eckerhart, 461 U.S. 424, 429 (1983).  "'[E]xcessive, redundant or otherwise unnecessary' hours" must be deducted from an award of fees.  See Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1301 (11th Cir. 1988) (quoting Hensley, 461 U.S. at 434)).

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the court determines that an increase in the cost of living or a special factor justifies a higher fee.  See 28 U.S.C. § 2412(d)(2)(A).  Determining the appropriate hourly rate is a two-step process.  The court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the court determines whether to adjust the hourly rate.  See Meyer v. Sullivan, 958 F.2d 1029, 1033-34 (11th Cir. 1992).  The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation, and are not limited to rates specifically for social security cases.  See Watford v. Heckler, 765 F.2d 1562, 1568 (11th Cir. 1985).

Here, Plaintiff's counsel expended 19.35 hours to litigate this case in 2013 and 2014.  (Doc. #29 at 6).  For those hours, Plaintiff requests an hourly fee of $179.78.  (Doc. #29 at 4).  The Commissioner objects to neither the amount of hours expended nor the hourly rates.  As such, the Court finds the 19.35 hours expended by Plaintiff's counsel to be reasonable and the $179.78 hourly rates to be appropriate.  See Jipson, 2014 WL 2951824, at *4 (finding an hourly rate of approximately $188.00 to be reasonable).  The Court, therefore, will award Plaintiff $3,478.74 in attorney fees.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff Della Gorden's Unopposed Application for Attorney Fees Under the Equal Access to Justice Act (Doc. #29) is **GRANTED**.  Plaintiff is awarded **$3,478.74** in attorney fees, and this amount may be paid directly to Plaintiff's counsel if the United States Department of Treasury determines that no federal debt is owed.

(2) The Clerk is **DIRECTED** to enter an Amended Judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida this 29th day of October, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record